CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 14 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN ANTONIO ALSTON, SR., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> Defendants. ) | Civil Action No. 7:07-cv-00575 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

Proceeding pro se, plaintiff Melvin Antonio Alston, Sr. brings this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate at Red Onion State Prison ("ROSP") in Pound, Virginia, claims that Tracy S. Ray, the Warden at ROSP, and the Virginia Department of Corrections ("VDOC") violated his constitutional rights on two occasions by attempting to serve his Common Fare[1] meal to him with soiled tray lids. Plaintiff seeks monetary damages "in the amount of $75.00, the price of each meal, for the anguish of constantly receiving dirty meal trays." For the reasons that follow, the court will dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2,3]

## I. Factual Background[4]

Plaintiff states that, on April 30, 2007, he received "a Common Fare breakfast tray that had

---

[1] The Common Fare diet is designed to meet the needs of a wide variety of religious groups, including Jews and Muslims. See Madison v. Virginia, 474 F.3d 118, 123 (2006); Acoolla v. Angelone, et al., Civil Action No. 7:01-cv-01008, slip op. at 6 (W.D. Va. September 1, 2006).

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] The VDOC, as an agency of the state, is not a "person" within the meaning of §1983, and thus is not a proper defendant. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[4] The facts have been adduced from plaintiff's complaint and the documents submitted in support thereof.

on the tray lid, [sic] spagetti [sic] from the dinner meal the day prior. . . ." He further states that, on June 14, 2007, he received "a Common Fare lunch tray that had on the tray lid cereal from the breakfast meal that morning. . . ." He states that his "meal tray being contaminated by having food on the inside of the lid" could expose him "to sickness or a disease, such as hepatitis," and that the policies in the VDOC's Food Services Manual had been violated. In his complaint, plaintiff thoroughly reiterates his pursuit of his grievances regarding these two incidents, and he has submitted documentation of his pursuit of these grievances.

Regarding the incident on April 30, 2007, plaintiff filed an "Inmate Request for Information/Service," followed by an informal complaint, and then, on May 15, 2007, a Regular Grievance. On June 15, 2007, Major Chris, the Warden's designee, issued his Level I response to plaintiff's grievance, stating, in relevant part:

> **Grievance Summary:** You stated you received a breakfast Common Fare tray that had spaghetti all over the tray lid from dinner the day before on April 30, 2007. Officer Darby and Officer Yates saw the tray lid and told you they logged it in the pod logbook. Policy is not being followed. Common Fare trays and utensils are to be washed and stored separately. If this had been done, spaghetti would not have been on the Common Fare tray lid.
>
> **Informal Summary:** Your informal complaint, responded to by D. Stallard, Food Service Assistant, on May 9, 2007[,] stated . . . [sic] Per Ms. McKnight all items pertaining to Common Fare are cleaned separately from all others in the kitchen. As to a dirty top on your tray, we have no idea how that happened. We will try not to let this happen.
>
> A face-to-face meeting was conducted for this grievance. D. McKnight, Food Service Supervisor spoke with you on May 24, 2007.
>
> **Investigation:** It was confirmed by the officers that something was indeed on the lid of your Common Fare tray when it was delivered to you on April 30, 2007. This did appear to be spaghetti. The incident was noted in the pod logbook, and *you were offered another tray*. It is unknown how this occurred, however Food Service will make every effort to ensure that it does not happen again.

2

> This grievance is **FOUNDED**, as [the applicable policy] has been incorrectly applied. . . . *In the future correct procedure will be followed by Food Service when washing, preparing, and serving Common Fare Trays.*

(Italicized emphasis added.) Plaintiff was advised that, were he dissatisfied with the Level I response, he could appeal to the Regional Director within five calendar days. Plaintiff presents no evidence of having done so.[5]

Regarding the incident on June 14, 2007, plaintiff presents documentation of having submitted an informal complaint, followed by a Regular Grievance, which plaintiff filed on June 22, 2007. On July 24, 2007, the Warden issued his Level I response to plaintiff's grievance, stating, in relevant part:

> **Grievance Summary:** You stated on June 14, 2007, your Common Fare tray had bran flakes on it from a previous breakfast meal. This has happened before. Food Service is not washing trays properly.
>
> **Informal Summary:** Your informal complaint, responded to by D. Stallard stated since D. McKnight has been and will be on leave for another month, I'll try to give

---

[5] It appears, based on the grievance documentation plaintiff has submitted in support of the instant complaint, that he did not appeal the Level I responses regarding either of the complained-of incidents on April 30, 2007, and June 14, 2007. The Prison Litigation Reform Act ("PLRA") provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. at 741, n.6. And, a district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). Nonetheless, because it is evident that plaintiff fails to state a claim upon which relief may be granted, the court will dismiss the instant complaint pursuant to 28 U.S.C. § 1915A(b)(1), which provides, as the court has already noted, that the court "shall" dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

3

you an answer. Extra staff for dishwashing has been hired to inspect the trays/cups/lids, etc., and to make sure your utensils are clean. There will be sometimes [sic] when one will get through unnoticed. Ask the pod officer to return your tray for a replacement from the Kitchen.

You were interviewed regarding this complaint on July 3, 2007, by Lt. L. Fleming.

**Investigation:** Officer Maples advised on June 14, 2007, he did feed the lunch meal to you. He advised that he did observe the tray in question and the tray did have pieces of bran flakes on it from a previous meal. *The tray was corrected immediately.*

\* \* \*

This grievance is **FOUNDED**, as [the applicable policy] has been incorrectly applied. . . . In the future correct procedure will be followed. *Your tray was corrected immediately on June 14, 2007*; however this appears to be an ongoing problem. Food Service has been advised to observe the dishes after they have been rinsed by hand before placing them in the dish machine. Further inspection is recommended after they have been processed through the dish machine.

(Italicized emphasis added.) Plaintiff was advised that, were he dissatisfied with the Level I response, he could appeal to the Regional Director within five calendar days. Plaintiff presents no evidence of having done so.

The instant complaint followed. The court will discuss additional facts as necessary in its analysis.

## II. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint.

4

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

### III. Analysis

Construing the complaint liberally, plaintiff alleges that these two incidents violated his rights under the Eighth Amendment, the Free Exercise clause of the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq.

#### A. Eighth Amendment

Plaintiff asserts that being served his Common Fare meal with a dirty tray lid on two occasions places him at risk of exposure "to sickness or a disease, such as hepatitis." To the extent plaintiff's allegation can be construed to assert a living conditions claim under the Eighth Amendment, such a claim is without merit. The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective

component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickler, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Applying these principles to plaintiff's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. Plaintiff complains of no injury whatsoever. Given that the injuries plaintiff anticipates – that being served his Common Fare meal with a dirty tray lid on two occasions places him at risk of exposure "to sickness or a disease, such as hepatitis" – are entirely speculative, they are not sufficiently serious to rise to the level of an Eighth Amendment violation.[6] There is no indication that the complained-of actions have resulted in any injury, much less a serious or significant injury. See Strickler, 989 F.2d at 1380-1381; see also Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis); Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding

---

[6] The court notes that plaintiff was initially served meals with soiled lids, but that he did not actually eat those meals, because he was brought a new tray.

that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pain, dizziness, sinus problems, headaches, and fatigue were "objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156, 158-159 (7th Cir. 1996) (holding that an inmate failed to demonstrate a serious medical need for purposes of the Eighth Amendment, where the inmate alleged that exposure to environmental tobacco smoke was causing nausea, wheezing, shortness of breath, and dizziness); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted); Martin v. Arpaio, 2006 U.S. Dist. LEXIS 83330, at *10 (D. Ariz. Nov. 14, 2006) (holding that an inmate's allegation of cramping, diarrhea, and vomiting appeared to be de minimis); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *14-16 (S.D. N.Y. Sept. 4, 2003) (holding that none of the inmate's individual ailments were sufficiently serious for purposes of the Eighth Amendment where the inmate alleged that he was suffering from chest pain, nausea, the "inability to 'keep food down'"; rapid weight loss; and dizziness).

For these reasons, plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

### B. First Amendment

To the extent plaintiff asserts that being served, on two occasions, his Common Fare meal with a dirty tray lid violates his Free Exercise rights under the First Amendment, his claim fails. Although inmates clearly retain their First Amendment right to free exercise of religion in prison, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), including the right "to receive diets consistent with their religious scruples," Kahane v. Carlson, 527 F.2d 492, 495 (2nd Cir. 1975), "only intentional conduct is actionable under the Free Exercise Clause," Lovelace v. Lee, 472 F.3d

174, 201 (2006) (citing Daniels v. Williams, 474 U.S. 327, 329-31 (1986). In Lovelace, the Court of Appeals approved the district court's extension of the analysis in Daniels to the inmate plaintiff's First Amendment free exercise claim, where the district court (Kiser, J.) reasoned that the operative word "prohibit" in the First Amendment connotes a "conscious act" rather than a merely negligent one, and held that negligent interference with free exercise rights is not actionable under § 1983. Lovelace, 472 F.3d at 201; see also Lewis v. Mitchell, 416 F. Supp.2d 935, 942-44 (S.D. Cal. 2005); Shaheed v. Winston, 885 F.Supp. 861, 868 (E.D. Va. 1995).

Only intentional conduct is actionable under the Free Exercise Clause, and plaintiff has not identified any particular defendant whose intentional conduct deprived him of his free exercise rights. Moreover, taken in the light most favorable to plaintiff, the facts he alleges and the documentary evidence he submits support, at most, a finding that defendants' actions resulted from negligence and not from intentional action.[7] Indeed, the two isolated incidents plaintiff complains of indicate a lack of intent on the part of defendants.

For these reasons, the court will dismiss plaintiff's First Amendment claims regarding the preparation and service of food at ROSP, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## C. RLUIPA

To the extent plaintiff asserts that being served his Common Fare meal with a dirty tray lid on two occasions violates his rights under RLUIPA, his claim fails. Plaintiff fails to show that these two isolated incidents – where plaintiff was served Common Fare meals with soiled lids but received

---

[7] The court notes that plaintiff's own allegations state that he has continued to participate in the Common Fare diet, and it is clear that he was given a new tray on each occasion and thus was not forced to eat any food that he felt did not comport with the dictates of his religious diet.

8

a new tray immediately upon bringing the soiled lid to ROSP officials' attention – "substantially burdened" his exercise of religion. Lovelace, 472 F.3d at 187. The Supreme Court has defined "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981); Lovelace, 472 F.3d at 187. Only when such a showing is made does the government bear the burden of persuasion that its practice is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. Lovelace, 472 F.3d at 187; Adkins v. Kaspar, 393 F.3d 559, 567 n. 32 (5th Cir. 2004), cert. denied, 545 U.S. 1104 (2005); Civil Liberties for Urban Believers v. Chicago, 342 F.3d 752, 760 (7th Cir. 2003), cert. denied, 541 U.S. 1096 (2004). Although "the inquiry under RLUIPA is more rigorous than under the First Amendment," Lovelace, 472 F.3d at 188 n. 3, plaintiff does not raise any allegations that these two incidents prevented him from exercising his religious practices, such as praying, studying religious materials, fasting, or partaking of a diet in conformity with the dictates of his religion.

In sum, plaintiff has not alleged that the these two incidents placed a substantial burden on his exercise of religion. Based on plaintiff's allegations and the documents he submits in support of those allegations, plaintiff cannot show that the two isolated incidents of which he complains have placed "substantial pressure" on him "to modify his behavior and to violate his beliefs" so as to constitute a substantial burden on his religious exercise.[8] Lovelace, 472 F.3d at 187. Because

---

[8] Regardless of the frequency of these occurrences, plaintiff's allegations fail to state a claim; he fails to show that he has been pressured to violate his religious beliefs because of two occasions of receiving washed tray lids bearing dried remnants of food. See Talbert v. Jabe, Civil Action No. 7:07-cv-00450 (W.D. Va. November 8, 2007) (rejecting similar claims, including claims regarding soiled tray lids, as not showing substantial burden under RLUIPA); Acoolla v. Angelone, et al., Civil Action No. 7:01-cv-01008, slip op. at 18 n. 13 (W.D. Va. September 1, 2006) (rejecting bald allegation that VDOC's process of sanitizing food trays fails to remove all significant traces of food); Tuller v. Braxton, et al., Civil Action No. 7:02-cv-01297 (W.D. Va. September 17, (continued...)

9

plaintiff has not demonstrated that these two isolated incidents placed a substantial burden on his exercise of religion, the court will dismiss plaintiff's RLUIPA claims regarding the preparation and service of food at ROSP, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## IV. Conclusion

Based on the foregoing, the court will dismiss the instant complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[9, 10]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of December, 2007.

*/s/ Judy Conrad*
United States District Judge

---

[8](...continued)
2004) (finding "unsupportable" plaintiff's claims that trays were "intermixed" and that banging "Common Fare Diet [trays] . . . against the same garbage pail as trays for other meals [rendered] them unsuitable for holding kosher meals" when defendants maintained "that the trays are color-coded," "are not mixed," and "are stored, washed, and handled separately"; further, plaintiff's admission that he continued to eat meals from such trays indicated that he did "not really believe" that the trays rendered the Common Fare Diet meals "un-kosher"); Frazier v. Ferguson, Civil Action No. 04-5140, slip op., 2006 WL 2052421, at *4 (W.D. Ark. 2006) (finding no substantial burden under RLUIPA where Seventh-day Adventist inmate received vegetarian diet and had to discard some items that did not comport with his religious preference for vegan diet); Kretchmar v. Beard, Civil Action No. 05-6108, slip op., 2006 WL 20386887, at * 5 (E.D. Pa. 2006) (finding no RLUIPA or First Amendment violation where inmate received nutritionally adequate kosher diet, although it was repetitious and cold), aff'd, Third Cir. Case No. 06-4039, slip op., 2007 WL 2050878 (July 18, 2007).

[9] To the extent plaintiff believes any of his assertions state an actionable claim under state law, the court declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over such a claim.

[10] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).